IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEROME NICHOLS, )
)
)
                 Plaintiff, )   Case No. 05 C 5170
v. )
)   Judge Virginia M. Kendall
CITY OF HARVEY and Harvey Police )
Officer RAMON WILLIAMS, )
)
                Defendants. )

MEMORANDUM OPINION AND ORDER

Jerome Nichols ("Plaintiff") has brought suit against the City of Harvey (the "City") and Harvey Policy Officer Ramon Williams ("Williams" and together with the City, "Defendants") for false arrest pursuant to 42 U.S.C. § 1983, and for malicious prosecution in violation of Illinois state law. Defendants have moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6) or, in the alternative, for a more definite statement of the claims against Defendants pursuant to Federal Rule of Civil Procedure 12(e). Because Plaintiff has stated valid claims for false arrest and malicious prosecution under the minimal standards of notice pleading sufficient to permit Defendants to answer the claims, the motion is denied.

Facts and Standard

For purposes of a motion to dismiss, the Court accepts the facts in the Amended Complaint as true. Plaintiff's Amended Complaint strictly adheres to the minimal requirements of notice pleading, alleging in one-and-a-half pages that Williams "unlawfully arrested the plaintiff in June of 2003," "falsely claimed to have found plaintiff in possession of narcotics," and "prepared false

police reports" in connection with a grand jury investigation. Am. Compl. at ¶¶ 5-6. These actions allegedly deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments, and subjected him to the Illinois tort of malicious prosecution. *Id.* at ¶ 8. Plaintiff seeks compensatory damages against the City and punitive damages against Williams. *Id.* Plaintiff provides slightly more factual information in his Response to the Motion to Dismiss, adding that the allegation involves a frame-up with a "large quantity of cocaine" and that the criminal charges against Plaintiff were resolved in his favor in May 2005. Pl.'s Resp. at 3.

A complaint will not be dismissed for failure to state a claim unless there is no set of circumstances that could be proved that would entitle the plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A plaintiff need not plead particular facts, or particular legal theories, in order to survive a motion to dismiss. *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000); *Kolupa v. Roselle Park District*, 438 F.3d 713, 714 (7th Cir. 2006) ("Federal complaints plead claims rather than facts.")

Failure to State a Claim of Malicious Prosecution

First, Defendants argue that Plaintiff has failed to state a claim for malicious prosecution because the Amended Complaint does not allege the absence of probable cause or the presence of malice. Def. Mot. Dismiss at 3-4. To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that (i) he was subjected to judicial proceedings; (ii) without probable cause; (iii) the defendants instituted or continued the proceedings maliciously; (iv) the proceedings concluded in the plaintiff's favor; and (v) the plaintiff was injured. *Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998).

Defendants claim that Plaintiff failed to state a claim of malicious prosecution because he did not use the words "without probable cause" or "maliciously." Plaintiff alleges in the Amended Complaint that Williams falsely claimed that Plaintiff had narcotics, falsely arrested him, and then falsified police reports that were used in the grand jury. Am. Compl. at ¶¶ 5-6. Likewise, Plaintiff pleads that the City is liable solely by the doctrine of *respondeat superior* for the actions of Williams. *Id.* at ¶ 8. Though the pleading is limited, Plaintiff's claim states sufficient elements to put Defendants on notice for malicious prosecution. While the Court could dismiss this claim without prejudice to refile a second amended complaint using the magic words Defendants seek, the Court believes that the facts as pled in the Amended Complaint sufficiently inform Defendants of the elements of the malicious prosecution claim.

## Qualified Immunity

Next, Defendants argue that all claims against Williams should be dismissed on the doctrine of qualified immunity. Williams has been sued in his official capacity, for acts allegedly committed under the color of his authority as a police officer for the City. Amended Complaint at ¶ 4. In some cases, a complaint may be dismissed on qualified immunity grounds under Rule 12(b)(6), but "in many cases, the existence of qualified immunity will depend on the particular facts of a given case." *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000). Plaintiffs are not required to plead factual allegations in the complaint that overcome a potential defense of qualified immunity. *Id.*

The Court evaluates a claim of qualified immunity through a two-step inquiry: whether the alleged conduct sets forth a constitutional violation, and whether the standards of that constitutional right were clearly established at the time of the violation. *Id.* at 766. The Plaintiff bears the burden of showing that a constitutional right was clearly established. *Id.* Taking the facts of the Amended

Complaint as true, Plaintiff was unlawfully arrest by a police officer, who falsely claimed that Plaintiff possessed narcotics and then authored false police reports that were presented to a grand jury. On the basis of the facts as pled, Plaintiff can state a claim that his Fourth and Fourteenth Amendment rights were violated to defeat the defense of qualified immunity at this preliminary stage.

## Motion for More Definite Statement

Finally, Defendants move this Court in the alternative to require a more definite statement from Plaintiff pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) may be used where the "pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

This Circuit has recognized the inherent tension between the liberal requirements of notice pleading and the immunization from suit that qualified immunity should provide. *See Jacobs*, 215 F.3d at 765 n.3. To reconcile this tension, the *Jacobs* court suggested that the court use "a variety of means at its disposal to move the case incrementally forward in order to address the qualified immunity issue at the earliest possible stage, so that a defendant who is immune from suit is not put through the time, effort and expense of defending himself against a claim upon which, ultimately, no relief can be granted." The *Jacobs* court named Rule 12(e) and 7(a) as potential tools, as well as early summary judgment. *Id.*, *citing Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

While Plaintiff walks a fine line between vagueness and sufficient notice pleading, in this case Plaintiff has provided sufficient notice of the claims such that Defendants may answer the Amended Complaint. Plaintiff has provided (i) the basis for the claim (the arrest of Plaintiff by Williams in June 2003), (ii) the allegation (false arrest under section 1983 and malicious prosecution

4

under Illinois state law), and (iii) the relief sought (compensatory and, as against Williams individually, punitive damages).

Defendants' Motion to Dismiss or, in the alternative, Motion for a More Definite Statement is denied. Defendants are to answer the Amended Complaint within 30 days of this order.

So ordered.

_____
Virginia M. Kendall
United States District Judge
Northern District of Illinois

Date: May 2, 2006